UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO JIMINEZ,

    Petitioner,

v.                                        CASE NO. 8:13-CV-975-T30MAP
                                          Crim. Case No. 8:05-CR-258-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This Cause is before the Court as Petitioner's Motion to Dismiss the Indictment (CR Dkt. 155) which the Court construed in its Order (CR Dkt. 163) of April 16, 2013 as a Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) (the "§ 2255 Motion") due to Petitioner's failure to respond to the Court's Order (CR Dkt. 156) issued on March 8, 2013.

On February 12, 2013, Petitioner filed a *pro se* Motion to Dismiss the Indictment (CR Dkt. 155) ("Motion to Dismiss"). In its Order (CR Dkt. 156) issued on March 8, 2013, this Court informed Petitioner that because he sought to challenge his sentence, the proper motion to file would be a § 2255 Motion. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court informed Petitioner of its intent to construe his Motion to Dismiss as a § 2255 Motion and that construal's consequences. The Court informed Petitioner that if he did not wish the Court to construe his Motion to Dismiss as a § 2255 Motion, Petitioner should

withdraw his Motion to Dismiss within thirty (30) days. Alternatively, he could inform the Court to proceed with his Motion to Dismiss as a § 2255 Motion, and he should include all other claims upon which he would challenge his sentence. Petitioner did not respond, and, on April 16, 2013, after more than thirty days had passed, the Court directed the Clerk to open a civil case and docket the Motion to Dismiss as the instant § 2255 Motion.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255(b). The record and case files conclusively show Petitioner is not entitled to relief, such that the Government need not respond, because the instant Motion is successive. Therefore the Motion is dismissed. Even if the Motion were not dismissed, it would fail on the merits, and, as the Court explained in its previous Order (CR. Dkt. 150), the case Petitioner relies upon, *Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), is distinguishable.

## BACKGROUND

Petitioner was sentenced by this Court on December 19, 2005 after entering a guilty plea on August 25, 2005. Petitioner did not appeal his sentence, and, thus, his judgment became final on December 29, 2005. On May 8, 2007, Petitioner filed a § 2255 motion (CR Dkt. 128). The Court dismissed that motion in its order (CR Dkt. 129) entered on May 24, 2007, since that § 2255 motion was time-barred, and Petitioner had not demonstrated he was entitled to equitable tolling of the period of limitations. On October 20, 2009, Petitioner filed

another § 2255 motion (CR Dkt. 146), which the Court also dismissed as successive in its order (CR Dkt. 149) of November 10, 2009, and Petitioner had not obtained permission from the Eleventh Circuit to file a second § 2255 motion. The Court docketed Petitioner's instant successive § 2255 Motion (CV Dkt. 1), his third, on April 18, 2013.

## DISCUSSION

In this § 2255 Motion, Petitioner challenges the validity of his plea-based convictions for conspiracy to possess with intent to distribute as well as possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One and Count Two respectively), for which he was sentenced to 168 concurrent months imprisonment as to both counts, followed by 60 concurrent months of supervised release as to both counts. Petitioner entirely relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), to challenge the jurisdiction of this Court to have sentenced him. He also challenges the constitutionality of the Maritime Drug Law Enforcement Act under which he was convicted. *Bellaizac-Hurtado* is distinguishable from Petitioner's case, and Petitioner's § 2255 Motion is successive.

**Successive Nature**

As noted above, the instant motion is successive. "[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has previously sought collateral relief pursuant to § 2255, and he has not demonstrated that he

has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 Motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005).

### *Bellaizac-Hurtado* and Jurisdiction

Even if this Court were authorized to entertain the merits of the § 2255 Motion, it would fail. By way of explanation only to Petitioner, the Court points out that his reliance on *Bellaizac-Hurtado* is misplaced. It appears from the facts Petitioner asserts as well as from his written plea agreement (CR Dkt. 31, Plea Agreement) that the United States Coast Guard ("USCG") stopped him in international waters whereas *Bellaizac-Hurtado* concerns drug-trafficking in territorial waters of a foreign country. In his § 2255 Motion, Petitioner states, "On November 12, 2003, [Petitioner] . . . [was] traveling in the Carribean in a go-fa[s]t vessel as a subject to the jurisdiction of the United States of America. After the [USCG] disabled the boat, [Petitioner] . . . [was] taken into the custody of the United States of America . . . ." (CV Dkt. 1, § 2255 Motion, 3). In the "Facts" section of Petitioner's plea agreement, the same facts are recited with the addition that the go-fast vessel was without nationality, and, therefore, "subject to the jurisdiction of the United States." (CR. 31, Plea Agreement, 15). Petitioner also admitted he was "onboard a vessel subject to the jurisdiction of the United States[,]" (CR Dkt. 15, Indictment, 2), when he pled guilty to Count Two of the Indictment. It is clear that not only is *Bellaizac-Hurtado* distinguishable from Petitioner's case but that Petitioner cannot disavow this Court's jurisdiction when he has admitted it multiple times before.

**CONCLUSION**

Because Petitioner's instant § 2255 Motion is successive, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to file a successive § 2255 motion.

ACCORDINGLY, it is **ORDERED** that:

1. The Motion to Vacate, Set Aside, or Correct an Illegal Sentence (CV Dkt. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The **Clerk** is directed to terminate from pending status the § 2255 motion (CR Dkt. 164) filed in the corresponding criminal case number 8:05-CR-258-T-30MAP. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

3. The **Clerk** shall terminate any pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

Petitioner is not entitled to a Certificate of Appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. § 2255(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner cannot make the requisite showing in these circumstances.  Finally, Petitioner is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a COA is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Petitioner must pay the full appellate filing fee without installments unless the circuit court allows Petitioner to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-975.deny 2255.wpd